Hillsborough, }
March 3, 1908. }

SUPREME COMMANDERY UNITED ORDER OF THE GOLDEN CROSS *v.* DONAGHEY *& a.*

Where it has been decreed that a bill of interpleader was properly filed, and the plaintiff is ordered to pay the fund into court and be discharged, it is too late for a defendant who has neither demurred to the bill nor denied its allegations by plea or answer to raise the objection that other defendants were not properly made parties to the proceeding; and under such circumstances the case will be treated as a proper one for interpleader, whether it be technically so or not.

BILL OF INTERPLEADER, against the heirs, the administrator, and the designated beneficiary of Henry L. McKean. Transferred from the September term, 1907, of the superior court, by *Peaslee,* J.

*John C. Bickford,* for the plaintiff.

*Henry N. Hurd,* for Donaghey.

*L. Ashton Thorp,* for Barr, administrator.

*Lee C. Abbott,* for the McKean heirs.

BINGHAM, J.   This action is a bill of interpleader brought by the plaintiff for the purpose of having the defendants litigate their respective claims to $1,000, the sum due on a benefit certificate issued by the plaintiff to one of its members.   It is not found that the defendants have demurred to the bill, or filed pleas or answers in which they have denied any allegations essential to its maintenance, and it is assumed that they have not done so. The plaintiff has offered to pay the money into court, and the defendants have filed answers setting forth their respective claims to the fund.   In the answers of the heirs and of the administrator, it is averred that the defendant Donaghey, to whom the certificate was made payable, is not a person entitled to receive the fund within the class of persons designated in the plaintiff's by-laws, which provide that a certificate may be made payable to the wife, family, or blood relatives of a member, or to a person or persons dependent upon him.   Donaghey has demurred to their answers upon the ground that the administrator and the heirs are not proper parties to the bill; that the administrator is not a proper party because the fund is no part of the deceased member's estate, and that the heirs are not because they are not named as beneficiaries in the certificate.   Her position is, that if she is not within the classes designated in the by-laws, the plaintiff, by paying the fund into court, has waived its right to raise the objection, and the administrator and the heirs cannot because they are not proper parties to the bill.   It may therefore be considered that the plaintiff has paid the money into court, and that according to the ordinary course in such proceedings, a decree has been made permitting the bill to be filed and ordering the plaintiff to be discharged with its costs.   The question is then presented whether Donaghey, by demurring to the answers of the heirs and of the administrator, and not having demurred to the bill or denied any allegation material to its maintenance, can thus call in question the right of the heirs and administrator to contest her claim to the fund.

It is one of the essentials to the right to file a bill of interpleader that there be two or more claimants to the disputed fund

capable of interpleading and settling the matter between themselves. If the bill discloses upon its face that only one of the claimants is in a position to enforce the demand against the plaintiff, it will be dismissed upon demurrer. If, on the other hand, its allegations are sufficient, a defendant may deny them in his answer and rely upon the plaintiff's failure of proof to sustain them; but if he neither demurs to the bill nor denies its allegations by plea or answer, and a decree is made that the bill is properly filed, and the plaintiff is ordered to pay the money into court and be discharged, it is then too late for him to raise the objection that the other defendants were not properly made parties to the bill. Under such circumstances it will be treated as a proper case for interpleader, whether it may be technically so or not. *Farley* v. *Blood*, 30 N. H. 354, 361; *Parker* v. *Barker*, 42 N. H. 78, 93; *Page Belting Co.* v. *Prince*, *ante*, 262; 23 Cyc. 21–33; Macl. Interp. 128–130, 158–160.

To sustain the demurrer in this case would necessitate a decree that the bill was not properly filed, contrary to the order of the trial court to which no exception was taken. The rights of the parties to the fund will be seasonably considered when the facts are found upon which their respective claims are based.

*Demurrer overruled.*

PEASLEE, J., did not sit: the others concurred.